**ALAN WOOD STEEL COMPANY,**
Plaintiff,

v.

**Robert C. WATSON, Commissioner of
Patents, Defendant.**

Civ. A. No. 3819–54.

United States District Court
District of Columbia.

May 9, 1957.

John B. Armentrout, Washington, D. C., and Joseph Gray Jackson, Philadelphia, Pa., for plaintiff.

Clarence W. Moore, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents under 35 U.S.C. § 145, for an adjudication that the plaintiff is entitled to the registration of a trade-mark, which was denied by the Patent Office.

The plaintiff is a manufacturer of metal plates used as flooring material on decks of ships, floors of naval gun mounts, walkways of oil refineries, and numerous other installations where it is necessary to take precautions to prevent persons from slipping. For this purpose, floorplates of this type are covered throughout their entire surface with treads, ridges, protuberances, or projections of various kinds. It is the practice in this industry for each manufacturer to develop and use his own distinctive design for such surface markings in order to distinguish and identify his product. For example, the plaintiff employs a series of cigar shaped projections, or tapered ridges, arranged according to a particular pattern. The plaintiff unsuccessfully requested a registration of its peculiar markings as its trade-mark. This action seeks a judicial review of the adverse decision of the Patent Office.

The plaintiff's application was for registration on the Supplemental Register, rather than on the Principal Register. Such registrations are governed by Section 23 of the Lanham Act, 15 U.S.C.A. § 1091, the pertinent provisions of which are as follows:

"For the purposes of registration on the supplemental register, a mark may consist of any trade-mark, symbol, label, package, *configuration of goods,* name, word, slogan, phrase, surname, geographical name, numeral, or device or any combination of any of the foregoing, but such mark must be capable of distinguishing the applicant's goods or services." (Emphasis supplied.)

The plaintiff contends that what it claims as a trade-mark, constitutes a "configuration of goods" and is, therefore, within the statute.

The Patent Office declined to register this design as a trade-mark on the ground that it was used primarily not as an arbitrary means of identifying the plaintiff's product, but to serve a utilitarian purpose, namely, to prevent persons from slipping on the floor. An object performing a utilitarian function may not be registered as a trade-mark even if it also identifies the applicant's product. A novel shape or appearance that is functional in character may not acquire any secondary meaning that would render it subject to exclusive appropriation as a trade-mark. J. R. Clark Co. v. Murray Metal Products Co., 5 Cir., 219 F.2d 313, 320. This court is, therefore, of the opinion that the decision of the Patent Office in this respect is sound. Were the law otherwise, it would be possible for a manufacturer or dealer, who is unable to secure a patent on his product or on his design, to obtain a monopoly on an unpatentable device by registering it as a trade-mark. The potential consequences to the public might be very serious, because while a patent is issued for only a limited term, a trade-mark becomes the permanent property of its owner and secures for him a monopoly in perpetuity.

The Patent Office has construed the phrase "configuration of goods" as not

including the shape of an entire article, but as being confined to the form of a specific part or feature of the product. Thus, in Ex parte Mars Signal-Light Co., 85 U.S.P.Q. 173, 175–176, the Assistant Commissioner of Patents formulated the following principles:

> "While configuration may mean over-all shape it may also mean the form of a particular part or characteristic. As already indicated there is no statement as to this in the Act itself and so far as I am aware there is no apt precedent. It appears to me, however, that on the basis of general principles the latter construction may be the proper one to be given to this language and that a 'configuration' must refer to a particular part or feature of the goods.

> \*　\*　\*　\*　\*　\*

> "A further basis for believing that only the configuration of characteristic feature rather than the article itself must have been intended by the words 'configuration of goods' is the fact that articles such as that of the applicant are of the nature which would bring them within the scope of the design patent law, if otherwise eligible."

Great weight must be accorded to a continuous construction placed on a statute by the administrative agency charged with the duty of enforcing it. Moreover, independently of this doctrine, this court is of the opinion that the interpretation adopted by the Patent Office is preferable to that urged by the plaintiff. The reasoning leading to the conclusion that utilitarian features of an article may not constitute a proper trade-mark, is equally applicable to this aspect of the subject. The court is of the opinion, therefore, that the term "configuration of goods" as used in this statute must be restricted to the configuration of a particular part or feature of the article and may not extend to the shape or design of the entire device.

At the trial evidence was developed that the plaintiff has been permitting several other manufacturers to use its design on their products. This court is of the opinion that this circumstance constitutes a further ground for denying registration of the claimed trade-mark. In order to constitute a trade-mark, the arbitrary words or emblem adopted for that purpose by the manufacturer or dealer in a particular article must have acquired a secondary meaning and must be understood and accepted by the public as an indication that the product emanated from the owner of the trade-mark. The original and basic purpose of the trade-mark law is to prevent a person from palming off his own product or services as those of another. Obviously if a person allows his identifying mark to be used by others on their handiwork, he prevents it from acquiring a specific secondary meaning, and hinders it from becoming associated in the mind of the public as identifying his goods or services. It must be borne in mind in this connection that a trademark is entirely different in its nature from a patent or a copyright. As was stated by the Supreme Court in American Steel Foundries v. Robertson, 269 U.S. 372, 380, 46 S.Ct. 160, 162, 70 L.Ed. 317:

> "There is no property in a trademark apart from the business or trade in connection with which it is employed."

It follows, hence, that if a particular phrase or emblem is employed by several concerns with the permission of the person who claims it as his own, it fails to acquire its characteristic feature and may not ripen into an exclusive trademark.

Only recently the Court of Appeals for the Fifth Circuit in J. R. Clark Co. v. Murray Metal Products Co., 219 F.2d 313, 320, held that secondary meaning does not become attached to a claimed trade-mark if the claimant permits his products to be sold under other trade names and through other outlets to such an extent that the mark cannot be as-

sociated in the public mind exclusively with him as the source.

For the three reasons that have been discussed, the court concludes that the Commissioner of Patents properly denied the application for registration of the claimed trade-mark.

Judgment for the defendant dismissing the complaint on the merits. Counsel will submit proposed findings of fact and conclusions of law.