56 CCPA

**BEST LOCK CORPORATION,**
Appellant,

v.

**SCHLAGE LOCK COMPANY,**
Appellee.

**Patent Appeal No. 8154.**

United States Court of Customs and Patent Appeals.
Aug. 14, 1969.
Rehearing Denied Oct. 23, 1969.

10. See n. 8, supra.

Watson, Leavenworth, Kelton & Taggart, New York City, attorneys of record, for appellant. Leslie D. Taggart and Albert Robin, New York City, of counsel.

Leo A. Rosetta, Washington, D. C., Marcus Lothrop, Lothrop & West, San Francisco, Cal., for appellee.

Before RICH, Acting Chief Judge, COLLINS and NEESE, Judges, sitting by designation, and ALMOND and BALDWIN, Judges.

RICH, Acting Chief Judge.

This appeal is from a decision [1] of the Trademark Trial and Appeal Board granting opposer's motion for summary judgment in an opposition involving appellant's application serial No. 195,501, filed June 12, 1964, for registration on the Principal Register of a design mark thus described in the application:

> The mark consists of the numeral 8 formed by the line of division between the lock core and housing visible on the face of applicant's lock.

The amended application drawing is as follows: [2]

## BACKGROUND

Appellant's locks include a housing (such as, for example, a door knob or padlock body) and a lock core mounted within an opening in the housing and having one of its ends flush with a face of the housing. The opening in the housing comprises two intersecting, parallel,

[1]. Not reported in the USPQ.

[2]. The original application drawing, which was objected to, was as follows:

This clearly shows the environment in which the mark appears.

cylindrical bores so that the line of division between the lock core and the housing, visible on the face of the lock, provides the design shown above which, for convenience, may be referred to as a figure 8.[3] That design appellant seeks to register.

The record includes a copy of U. S. Patent No. 1,575,092, to F. E. Best, issued to appellant's predecessor in interest on March 2, 1926, disclosing a lock illustrated in the following figure from the patent drawing:

The patent describes both the hole 6 and counterbore 7 in housing 5 and the lock core 11 as being of figure 8 shape. It describes the lock face as "a flat plate of figure 8 shape arranged to fit snugly within the counterbored portion 7 * *." This is shown at 13, 14. As to advantages of the shape, the patent states:

> The face being of figure 8 shape is reduced to the minimum size and requires only the minimum amount of metal in its construction.

## PROCEEDINGS BEFORE THE PATENT OFFICE

A summary of the events preceding the board decision on appeal is as follows. In the *ex parte* prosecution, the examiner, after initially refusing registration on the ground that the mark proposed was "merely a decorative contour" which did not function as a distinctive mark of origin, later decided that "The mark * * * appears to be entitled to registration." The mark was duly published

---

3. Appellant, in his Answer to the Notice of Opposition, conceded * * * that the trademark for which it seeks registration is not a true numeral 8 in that there is no central junction of the arcuate portion * * *.

**1198**

and, within the period for opposition, appellee, Schlage Lock Company, filed a Notice of Opposition accompanied, inter alia, by a copy of the aforementioned Best patent.

Subsequent to appellant's Answer to the Notice of Opposition, appellee filed a motion for summary judgment on the ground that "the subject matter of the opposed application is not a trademark subject to registration," relying on our decision in In re Application of Deister Concentrator Co., 289 F.2d 496, 48 CCPA 952 (1961). The board denied the motion for the reason that:

> It seems clear from the foregoing that genuine issues of fact exist, first as to whether or not the configuration or design sought to be registered is "merely functional" or "in essence utilitarian", and if not, whether or not it has been used on applicant's goods in such manner and to such extent as to have acquired a secondary significance. * * *

> Since the summary judgment procedure is applicable only where there is no genuine issue as to a material fact, opposer's motion is denied.

Appellee's petition for reconsideration was denied by the board.

Shortly afterwards our decision in In re Application of Shenango Ceramics, Inc., 362 F.2d 287, 53 CCPA 1268 (1966), was handed down and appellee thereupon filed a renewed motion for summary judgment, pointing out that appellant's figure 8 configuration is disclosed as a functional feature in the expired Best utility patent. Appellee argued that the case was therefore controlled by *Shenango* in which the alleged trademark was a functional, circular strengthening rib on the underside of a plate, and likewise the subject of an expired utility patent, which we held not to be registrable as a trademark. The board again denied the motion, taking the position for

the first time, apparently on its own initiative, that appellee Schlage *lacked standing* to oppose as it had not shown that it would be damaged by the registration. On request for reconsideration, appellee satisfactorily traversed the board's objections as to appellee's standing. The board then finally granted summary judgment, stating:

> The Court of Customs and Patent Appeals held, however, in the Shenango case that a future which is the subject of a utility patent and has gone into the public domain after the expiration of the patent cannot function as a trademark to distinguish the goods of an applicant from those of it[s] competitors. That is to say, the functional or utilitarian shape is inherently incapable of acquiring a legally recognizable secondary significance for the reason that, in the absence of patent protection, the public has the unrestricted right to use the subject matter of the patent. In this regard, the court emphasized that since the Mogen David case [4] involved the design or non-functional configuration of a container, the decision in the case cannot stand as a precedent in respect to the question of the registrability of a configuration which is the subject matter of an expired utility patent.

> In view of the foregoing and since it is concluded that what applicant is seeking to register consists essentially of a functional feature of the subject matter of an expired utility patent which has gone into the public domain, opposer's motion for summary judgment is granted.

The board adhered to the decision on further reconsideration. The question here is whether, at long last, the board reached the right conclusion.

## OPINION

Our problem is to decide whether summary judgment is appropriate here in

---

4. In re Application of Mogen David Wine Corp., 328 F.2d 925, 51 CCPA 1260 (1964). See also In re Application of Mogen David Wine Corp., 372 F.2d 539, 54 CCPA 1086 (1967).

view of what is disclosed in the Best patent as to the functionality of the mark—is there any possibility that there remains a genuine issue of material fact or is this evidence conclusive? A subsidiary question is whether the functionality is such as to conclude the question of registrability.

■■■ It is settled law that a configuration of an article cannot be registered as a trademark if the purpose of the configuration is to contribute functional advantages to the article in which it is embodied or if the configuration results from functional considerations.[5] As we said in *Shenango:*

> We think that the 1946 Act is premised on the idea that only nonfunctional configurations may be registrable thereunder.

This statement is not inconsistent with what we characterized in *Shenango* as "truism (4)" from our opinion in *Deister* which states:

> A feature dictated solely by "functional" (utilitarian) considerations may not be protected as a trademark; but mere possession of a function (utility) is not sufficient reason to deny protection.

That truism in *Deister*, in its exception, merely reflects the obvious fact that some articles, made in a purely arbitrary configuration (e. g., the wine bottle considered in *Mogen David*) may *perform* a function, holding wine, which could equally well be served by containers of many other shapes, and in such circumstances the *incidental* function should not by itself preclude trademark registrability if the other conditions precedent are present. That is a quite different situation from a configuration whose purpose is to provide a functional advantage. Where such a functional purpose exists, the rule is that of

*Shenango*, namely, that the configuration is not registrable as a trademark. The reason is clear. If a configuration is functional in that sense, then everyone has the right to use the configuration for its functional purpose, subject only to such exclusive right for a *limited* time as *may* exist under the patent laws.

That being the law, it follows that if appellant's figure 8 lock configuration is functional then it is not registrable as a trademark. It is not a trademark.

■■ Though in some situations a full trial proceeding, according to inter partes Patent Office trademark practice, would be necessary to provide the evidence essential to a decision as to whether the configuration is or is not functional, the Best patent, issued to appellant's predecessor-in-interest, disclosing the primary functional significance of appellant's figure 8 lock configuration here suffices. Summary judgment is a procedure designed to avoid useless trials where there is no genuine issue as to any material fact.[6] Following the rationale of our decision in *Shenango*, it is clear to us that the Best patent incontrovertably establishes primary functionality. Summary judgment was therefore correctly granted. In *Shenango* we indicated that a utility patent is only "some evidence" as to functionality, recognizing that a patent may not be evidence of functionality in regard to things of a "purely arbitrary" or "mere design" nature which happen to be disclosed in the patent but which are not attributed any functional significance therein. However, as to the Shenango under-rim configuration specifically disclosed in the patent as serving a functional purpose, we stated:

> It is our view that the expired utility patent is adequate evidence that the under-rim configuration here sought to be registered is indeed functional.

---

5. Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 119–120, 59 S.Ct. 109, 83 L.Ed. 73 (1938) ; Alan Wood Steel Co. v. Watson, 150 F.Supp. 861, (D.D.C.1957).

6. An interesting and comprehensive review of the history and use of summary judgment as a procedure for improving the administration of justice in the English, Federal and State courts is found in a recent Customs Court decision, Weather-Rite Sportswear Co. v. United States, Cust.Ct., 298 F.Supp. 508 (1969).

and later in the opinion, we concluded that the patent was:

> * * * evidence, *here conclusive,* that the involved under-rim configuration is indeed functional. [Emphasis added.]

Following that reasoning, we hold that the Best patent, explicitly disclosing the functional advantages to be derived from the figure 8 lock configuration, establishes the proposed mark as being primarily functional as conclusively as did the corresponding statements of functional purpose in the patent involved in Shenango. There is not, therefore, a genuine issue of material fact here, and the Trademark Trial and Appeal Board acted correctly in granting appellee's motion for summary judgment. The fact that *Shenango* was not a summary judgment case is beside the point.

The decision of the board is affirmed.

Affirmed.

BALDWIN, Judge (dissenting).

A motion for summary judgment may be granted if and only if there is no genuine issue as to any material fact, that is, if the moving party is entitled to prevail strictly as a matter of substantive law. On a motion for summary judgment, the tribunal cannot *try* issues of fact; it cannot pre-judge the facts by making conclusions based on *part* of the evidence; it can only determine whether there are any substantial issues of material fact to be tried.

The burden is on the moving party to establish that there is no genuine issue as to any material fact and that he is entitled to judgment solely as a matter of substantive law. And the moving party is not entitled to the benefit of favorable factual inferences which may be drawn from his pleadings or moving papers; instead, the matters presented must be construed most favorably to the party opposing the motion. *That it may be surmised that the non-moving party is unlikely to prevail after a full trial is not sufficient to authorize summary judgment against him.*

Thus, I feel that summary judgment was erroneously granted since I agree with appellant that a genuine issue of material fact exists as to the functionality of the figure 8 configuration, at least to the extent that the functionality is of such nature as to preclude registration, and that appellant is entitled to introduce its evidence relevant to the issue of functionality. *The mere magnitude of appellant's burden, which may indeed be quite formidable, to prevail on the merits of this case should not as a matter of law deny appellant his day in court.*

I have no quarrel with the majority's characterization of the substantive law as to trademark registration of "functional" configurations. What troubles me is the majority's acceptance of a single piece of evidence, the Best patent, as *conclusively* establishing functionality of such nature as to preclude registration. This, I feel, is error. Perhaps if the only evidence as to functionality were the utility patent *after appellant had submitted all of its evidence,* as was the case in *Shenango,* supra, then the utility patent might be "some," "adequate," *and* "conclusive" evidence of functionality of such nature as to preclude registration. However, *Shenango* is no precedent for holding that the evidentiary value of a patent is so great as to foreclose a party's efforts to introduce evidence contradictory to the specification of the patent. Since the Best patent is merely one piece of evidence of functionality insofar as this case is concerned, appellant should be given the opportunity to rebut that evidence.

I would reverse.