## Application of HONEYWELL, INC.

### Patent Appeal No. 76–526.

United States Court of Customs and Patent Appeals.

April 1, 1976.

Before MARKEY, Chief Judge, RICH, LANE and MILLER, Judges, and ALMOND, Senior Judge.

LeRoy Rice, attorney of record, Minneapolis, Minn., for appellant. Molinare, Allegretti, Newitt & Witcoff, Chicago, Ill., of counsel.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents. Gerald H. Bjorge, Washington, D. C., of counsel.

MILLER, Judge.

This appeal is from the decision of the Patent and Trademark Office Trademark Trial and Appeal Board ("board"), 187 USPQ 576 (1975), affirming, on the ground of functionality, the refusal of the Examiner of Trademarks to register appellant's asserted trademark for thermostats. We affirm.

The matter asserted to be a trademark is a portion of the configuration of a thermostat and, as set forth in the drawings accompanying the application to register,[1] is shown below.

 

Appellant's amended application for registration states, in part:

The Trademark as used consists of the arbitrary and unique combination of an outer cover ring of a thermostat and a center disk positioned concentrically within said ring, said ring and disk comprising a portion of the configuration of a thermostat. Five specimens of the mark as actually used are presented herewith.

In an earlier appeal,[2] this court held that the board erred, as a matter of law, in its reason for affirming refusal of the registration[3] and remanded the case to the board since it had not expressed any views on the

---

1. Serial No. 306,776, filed September 6, 1968.

2. *In re Honeywell, Inc.,* Cust. & Pat.App., 497 F.2d 1344, *cert. denied,* 419 U.S. 1080, 95 S.Ct. 669, 42 L.Ed.2d 674 (1974).

3. Although the trademark examiner had refused registration on the ground that the outer ring and center disk were merely functional and utilitarian, the board relied solely upon the fact that appellant's design patent had expired in 1970.

functionality reasoning relied upon by the examiner.

Appellant argues that its asserted trademark embraces solely the outer covering ring and the center portion, which it describes as an opaque "button." However, the solicitor supports the board's position that the application drawing shows the "oval [sic: disk]" to be transparent and to be included and that the specimens show it serving as a window through which a thermostat scale and a temperature setting scale are visible.

Considering the above-quoted portion of appellant's application and viewing the drawings and specimen of record, we are satisfied that a prima facie showing has been made that the transparent disk is included in the subject matter sought to be registered and that appellant has not rebutted that showing.[4]

Appellant argues that the transparent disk cannot function as a portion of a trademark because it is invisible to customers and potential customers. However, transparency is not invisibility.

Appellant argues further that, until the board decision on remand, the question of what constitutes the asserted trademark was never in issue. However, appellant did not request the board to reconsider its decision, much less cite this point as a basis for reconsideration.

■ Appellant states that it is agreeable to making a clarifying amendment to the description of the mark and to the filing of a statutory disclaimer if the examiner deems this necessary or desirable. However, the proper forum for such action is the Patent and Trademark Office—not this court. The suggestion simply comes too late in the prosecution of the application.

■ On the record before us, we believe the following portion of the board's opinion well states the basis for holding that the subject matter in appellant's amended application is not registrable:

What applicant is seeking to register is essentially a protective cover for a round thermostat device which is so arranged that the essential operating and temperature controlling and indicating mechanism[s] of the thermostat are visible to the operator. All of these characteristics are functional or utilitarian features of thermostat covers per se. The fact that both the cover and the thermostat are round does not detract from the functional characteristics thereof. In fact, it may add to the utilitarian aspects. There are only so many basic shapes in which a thermostat or its cover can be made . . . namely, squares, rectangles, or "rounds" with the latter probably being the most utilitarian configuration of them all . . .. This is demonstrated by the widespread use over the years of round-shaped control devices for appliances and similar equipment. The fact that thermostat covers may be produced in other forms or shapes does not and cannot detract from the functional character of the configuration here involved. In sum, the overall configuration of applicant's thermostat cover, as presented for registration, is essentially functional in character and, as such, it does not possess the necessary attributes of a proprietary trademark necessary for registration. A registration thereof with the presumptions afforded under Section 7(b) of the Trademark Statute would be inconsistent with the avowed and desired purpose of preserving the freedom to copy functional features of a device long protected both under the common law and by statutory interpretation of what constitutes a

---

4. Appellant cites a reference by the examiner to the "unclaimed" circle represented in the drawings by the dotted line. However, the board did not consider the transparent disk to be "unclaimed." Also, we note that the markings across that portion of the configuration occupied by the transparent disk are substantially like those shown for transparent material in drawings for patent applications in 37 CFR 3.61, "Symbols for Draftsmen." Markings for transparent material in drawings for trademark registration applications are not shown in the Rules of Practice in Trademark Cases, but the markings for color are practically identical in the trademark and patent rules. See 37 CFR 2.52.

registrable trademark. The most, therefore, that can be said of applicant's evidence of distinctiveness is that the design in question may have acquired a de facto secondary meaning. That is, a significance or recognition due to a lack of competition or other happenstance, but which is insufficient to support a legally protectable right therein. The happenstance in this case is that applicant's design patent was issued on January 17, 1956, the trademark application was filed on September 6, 1968, and the patent expired in 1970 during the pendancy [sic] of the application and after the submission of the "evidence of distinctiveness".

*Best Lock Corp. v. Schlage Lock Co.*, 413 F.2d 1195, 56 CCPA 1472 (1969); *In re*

*Deister Concentrator Co.*, 289 F.2d 496, 48 CCPA 952 (1961).

The solicitor has sought to reargue the issue that we decided on the first appeal. However, as appellant properly points out, our holding there is the law of the case.

In view of the foregoing, the decision of the board is *affirmed*.

*AFFIRMED.*

LANE, J., concurs in the result.