**CABLE ELECTRIC PRODUCTS, INC., Plaintiff,**

v.

**GENMARK, INC., aka Diablo Products Corp., Defendant.**

**No. C–83–0897 WWS.**

United States District Court, N.D. California.

Feb. 29, 1984.

Katherine C. Spelman, Charles E. Townsend, Jr., George M. Schwab, Townsend & Townsend, San Francisco, Cal., Anthony Amaral, Jr., Paul J. Sutton, Barry G. Magidoff, Sutton & Magidoff, New York City, John P. Sutton, Inc., Limbach, Limbach & Sutton, San Francisco, Cal., for plaintiff.

Alan H. MacPherson, Richard Franklin, Robert B. Morrill, Thomas J. Friel, Jr., Skjerven, Morrill, MacPherson & Drucker, Santa Clara, Cal., for defendant.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

Plaintiff Cable Electric Products, Inc. has since 1978 been manufacturing and marketing a light-sensitive night light device. It filed for a patent on this device in July 1978; the patent issued in August 1982, United States Letters Patent No. 4,343,032. Defendant Genmark, Inc., aka Diablo Products Corp., manufactures and

sells a similar device. Plaintiff filed suit in this Court in February 1983; the amended complaint seeks relief for patent infringement, unfair competition, state-law trademark infringement, and false designation of origin in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

Defendant has moved for summary judgment on the patent infringement claim on the grounds that plaintiff's patent is invalid for obviousness, or if valid is not infringed by defendant's device. Plaintiff opposes the motion on the grounds that its patent is in fact infringed by defendant's device, and that defendant's attempt to overcome the presumption of validity that its patent enjoys, 35 U.S.C. § 282, raises genuine issues of material fact that will require a trial to resolve.

This motion was originally heard on November 18, 1983. At that time, the Court directed the parties to submit supplemental memoranda on the question of obviousness after further research and discovery. Those memoranda having been submitted, the matter is now ripe for decision. As will appear below, the Court finds that, although defendant cannot establish that its device does not infringe plaintiff's patent, defendant does meet its burden of proof in establishing the obviousness of plaintiff's claimed invention under 35 U.S.C. § 103 without raising a genuine dispute of material fact.

*Infringement*

■ For an accused device to infringe a patent claim, it must embody all of the limitations (i.e., verbal specifications "particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention," 35 U.S.C. § 112) specified in the claim. *See* 4 D. Chisum, *Patents* § 18.03[4], and cases cited therein. Assuming for the moment that plaintiff's patent is valid, defendant argues that the patent as issued contains limitations not embodied in defendant's device. The Court finds it sufficiently clear that defendant's device contains all the limitations of plaintiff's claim that defendant is not entitled to summary judgment on this ground.

■ The parties dispute only whether two of plaintiff's claimed limitations "read on" defendant's device; they agree that plaintiff's other limitations do "read on." The first of the disputed limitations is plaintiff's claim specifying that the night light shade have a "front wall portion with a generally polygonal-shaped pattern extending over substantially the entire front wall portion...." Defendant asserts that the pattern on its night light shade consists not of polygons, but rather "consists simply of straight lines, disposed across the lens." Inasmuch as these "straight lines" have width as well as length, they must be considered rectangles, and therefore polygons. This claim thus reads on defendant's device.

Second, the parties dispute the applicability of plaintiff's claim concerning the shade that it "compris[es] bottom means capable of being swung inwardly to frictionally engage and disengage in a snap-on manner and be mounted to said housing [of the night light in a manner] ... facilitating repeated replacement of said bulb." Defendant argues that the patent claim specifies *bottom means* for opening the shade, while its device opens from the *top*. In fact, defendant's device opens at both bottom and top; it certainly can be opened from the bottom. "What is crucial is that the structures must do the same work, in substantially the same way, and accomplish substantially the same result to constitute infringement." *Autogiro Co. of Am. v. United States*, 384 F.2d 391, 401 (Ct.Cl. 1967). That is the case here. Nor does the additional top means take the device out of the ambit of plaintiff's claim. *See* 4 D. Chisum, *supra*, § 18.03[4] at 18–22 & n. 6. It is at a minimum clear that defendant is not entitled to summary judgment on the ground of absence of infringement.

*Obviousness*

■ Defendant seeks to overcome the presumption of validity attaching to plaintiff's patent, 35 U.S.C. § 282, and establish that plaintiff's claim is obvious within the

meaning of 35 U.S.C. § 103.[1] Obviousness is a question of law, *see, e.g., Union Carbide Corp. v. American Can Co.,* 724 F.2d 1567 at 1573, (Fed.Cir.1984). This legal conclusion is based on a factual analysis set out in *Graham v. John Deere Co.,* 383 U.S. 1, 17–18, 86 S.Ct. 684, 693–94, 15 L.Ed.2d 545 (1966). *See also Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530 (Fed. Cir.1983). Under the *John Deere* test, the Court determining obviousness must investigate three "primary factors": (1) the scope and content of the prior art; (2) the differences between the prior art and the claims at issue; and (3) the level of ordinary skill in the pertinent art. The court must determine whether the differences between the prior art and the claims at issue, considered as a whole, would be obvious to one possessing ordinary skill in the relevant art. *John Deere, supra,* 383 U.S. at 17, 86 S.Ct. at 693; *Stratoflex, supra,* 713 F.2d at 1535–40; *Schenk, A.G. v. Nortron Corp.,* 713 F.2d 782, 785 (Fed.Cir.1983). The determination of obviousness may also be informed by certain "secondary" factors if they are present, such as long felt but unsolved need, commercial success, failed attempts by others to achieve the claimed results, or copying or acquiescence by competitors. "Evidence of secondary considerations may often be the most probative and cogent evidence in the record." *Stratoflex, supra,* 713 F.2d at 1538.

As an initial matter, the parties do not dispute that a patent known as the Novo patent, United States Letters Patent No. 3,968,355, is relevant prior art. The Novo patent teaches a self-contained night light with a photosensitive switch. Plaintiff's claimed invention is a combination of a Novo-type device with a shade of certain specifications.[2] As plaintiff describes them, those specifications comprise:

1. Planar side walls diverging from the front wall at an angle greater than 90°;
2. A polygonal pattern extending over the entire surface of the front wall; and
3. Bottom means for frictionally engaging the shade (i.e. the shade snaps on and off at the bottom).

The question this Court must address is whether the art taught by the Novo patent and the additional patents defendant cites that qualify as "prior art" would have made the shade plaintiff claims, used in the context plaintiff proposes, obvious to a person of ordinary skill in the art. In other words, the Court must decide whether a person of ordinary skill in the art, addressing the problems of light diffusion and easy bulb replacement for a self-contained photosensitive night light, with knowledge of the prior art, would have arrived at plaintiff's claims as an obvious solution.

*Prior art.* The Federal Circuit recently reiterated the test for determining whether a particular reference should be considered prior art:

> In resolving the question of obviousness under 35 U.S.C. § 103, we presume full knowledge by the inventor of all the prior art in the field of his endeavor. However, with regard to prior art outside the field of his endeavor, we only presume knowledge from those arts reasonably pertinent to the particular problem with which the inventor was involved. The rationale behind this rule precluding rejections based on combination of teachings from references from non-analogous arts is the realization that

---

1. 35 U.S.C. § 103 provides:

    A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

    Patentability shall not be negatived by the manner in which the invention was made.

2. It does not appear that plaintiff cited the Novo patent to the Patent and Trademark Office during the prosecution of its patent, nor does the PTO cite it. Although this fact has no bearing on the presumption of the patent's validity, this additional prior art makes defendant's burden easier to meet. *See Stratoflex, supra,* 713 F.2d at 1534–35.

an inventor could not possibly be aware of every teaching in every art. Thus, we attempt to more closely approximate the reality of the circumstances surrounding the making of an invention by only presuming knowledge by the inventor of prior art in the field of his endeavor and in analogous arts.

*Union Carbide, supra,* at 1572, *quoting In re Wood,* 599 F.2d 1032, 1036 (Cust & Pat. App.1979) (citation omitted). Of the items defendant cites, about a dozen prior patents clearly meet these standards, and are sufficient to decide this motion.[3]

United States Letters Patent Nos. Des. 205,371 (1966) and 3,694,607 (1972) illustrate bottom-mounted snap-on night light diffuser covers. Patents Nos. Des. 208,939 (1967) and Des. 207,500 (1967) illustrate night light diffuser covers with diverging planar sides and patterns or designs on their faces; both are snap-mounted at the bottom. Patents Nos. 2,978,575 (1961), Des. 127,892 (1941), 3,549,879 (1970), 3,265,-887 (1966), 1,574,607 (1926), and 1,951,779 (1934) all illustrate polygonal patterns on lighting fixture covers or lenses to diffuse light. Patent No. 3,742,211 (1973) illustrates a snap-mounted diffuser for a small indicator light.

*Differences between the prior art and the claims in issue.* The prior art thus reveals that each of the three elements in the shade specified above has long been well known in the domestic and industrial lighting art. Indeed, bottom-mounted snap-on shades with diverging planar walls had been used on night lights for over a decade at the time plaintiff filed for its patent. And the use of polygonal patterns to diffuse light has been common knowledge for half a century. Plaintiff's claim to nonobviousness rests in its combination of these three features in the shade for a photosensitive night light device.

*Level of ordinary skill in the art.* This is an issue on which neither party has made any significant showing. For purposes of this motion, the Court will resolve the question of obviousness with reference to the level of skill of an ordinary layman of average intelligence. The Court finds the technology at issue here sufficiently accessible to apply such a standard, which is the one most favorable to the patent holder opposing summary judgment. The Federal Circuit has upheld the application of such a level of skill, or no specification of a level of skill at all, in circumstances such as these. *Union Carbide, supra,* at 1573; *Chore-Time Equipment, Inc. v. Cumberland Corp.,* 713 F.2d 774, 779 n. 2 (Fed.Cir. 1983).

*Secondary considerations.* Plaintiff argues that summary judgment is precluded by purported triable issues of fact as to two secondary considerations, but the argument fails. First, plaintiff points to its product's commercial success. Commercial success may be strong evidence of nonobviousness, but "[a] nexus is required between the merits of the claimed invention and the evidence offered, if that evidence is to be given substantial weight enroute to a conclusion on the obviousness issue." *Stratoflex, supra,* 713 F.2d at 1539. Plaintiff has made no showing that its commercial success is related to its advances over prior art—the addition to a photosensitive night light of a crosshatched removable shade. Nor does defendant dispute that plaintiff's device has sold well. Thus not only is there no dispute as to the facts plaintiff has adduced, but plaintiff has failed to make any showing that should induce the Court to give the undisputed evidence on this issue any weight in its determination.

Second, plaintiff contends that defendant copied its product. Copying by competitors can also be strong evidence of nonobviousness, but here plaintiff has failed even to raise the issue. Allegations of copying are made only on information and belief, insufficient under Fed.R.Civ.P. 56(e). No evidence of any kind is adduced to support the

---

3. Some of defendant's exhibits were struck to sanction defendant's counsel's refusal to serve those exhibits on opposing counsel. The Court finds consideration of any reference other than those cited herein unnecessary to dispose of this motion.

suppositious charge; plaintiff has not even established, by deposition or otherwise, that defendant was aware of plaintiff's product or patent during the time defendant was designing its product. Plaintiff would have the Court infer copying from the products' alleged similarity (plaintiff did not provide the Court with a sample of its device to compare with defendant's). But it is just as likely that the similarity (assuming it exists) is more attributable to the simple obviousness of plaintiff's design than to defendant's deliberate mimicry; similarity alone is not sufficient to raise an inference of conscious copying. Plaintiff has had ample time to take the discovery necessary to support its charges of copying, and has failed to cite to the Court a single piece of evidence. Fed.R.Civ.P. 56(e) specifically notes the propriety of summary judgment under these circumstances if it is otherwise justified.

*Propriety of summary judgment.*

The weight of the evidence is almost overwhelming. Numerous patents dealing with lighting devices, and several of these specifically with night lights, disclose at least one, and occasionally two, of the specifications that plaintiff assigns to its shade. The relevant features have long been known and used together in the lighting art. It is true that this Court's task is to evaluate plaintiff's claimed invention as a whole—that is, it must evaluate the obviousness of this shade as used on a photosensitive night light. But on the record before it, the Court has no difficulty finding it more likely than not that an ordinary layman of average intelligence (let alone one with experience and expertise in the design of lighting devices) would, when confronted with the problems of light diffu-

sion and easy bulb change for a light-sensitive night light and shown the patents defendant cites, propose a shade of the type plaintiff claims as an obvious solution. The Supreme Court has repeatedly warned that "[a] patent for a combination which only unites old elements with no change in their respective functions ... obviously withdraws what is already known into the field of its monopoly and diminishes the resources available to skillful men ...." *Sakraida v. Ag Pro, Inc.*, 425 U.S. 273, 281, 96 S.Ct. 1532, 1537, 47 L.Ed.2d 784 (1976), *quoting Great A & P Tea Co. v. Supermarket Corp.*, 340 U.S. 147, 152–53, 71 S.Ct. 127, 130–31, 95 L.Ed. 162 (1950).[4] This is precisely such a case—techniques well known in the field (some of them in fact used together before in analogous contexts) combined in a context essentially identical to that in which they have always been used and yet asserted to be nonobvious there. There is no invention here.

Plaintiff seeks to avoid summary judgment by introducing the declaration of an expert that, it claims, raises genuine issues of material fact. Plaintiff has simply misunderstood the structure and function of Fed.R.Civ.P. 56. Plaintiff's expert opines on the relevance of various patents defendant cites as prior art, and whether they would have induced an individual of ordinary skill in the art to arrive at plaintiff's invention. Having considered the expert's opinions, the Court rejects them. This rejection amounts only to a dispute regarding the *interpretation* of undisputed evidentiary facts in the process of determining what are commonly called "ultimate facts" (such as the scope and content of prior art), and does not require a trial. As the Federal Circuit has pointed out:

---

**4.** The *Sakraida* case appeared to state a special and more stringent standard for "combination" patents—that the combination of old elements must perform a "new and different function" from the old elements, the sum producing an effect greater than its several parts. *Id.* 425 U.S. at 282, 96 S.Ct. at 1537, *quoting Anderson's-Black Rock v. Pavement Co.*, 396 U.S. 57, 60, 90 S.Ct. 305, 307, 24 L.Ed.2d 258 (1969). This aspect of the case has been discredited, basically because *all* inventions are combinations of old

elements. *See Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563 at 1566 (Fed.Cir. Nov. 23, 1983). The Court's observations in *Sakraida*, then, should be seen simply as a restatement in the context of mechanical combinations of the basic principle of obviousness that patentable invention is not found in an aggregation of devices or techniques well known in the field that are combined in a manner substantially similar to their known and expected uses.

98

The mere incantation of the fact findings listed in *Graham* cannot establish the impropriety of issuing a summary judgment when there is no material issue of fact requiring a trial to resolve, and the facts of record require a holding of patent invalidity. Many, if not most, suits for patent infringement give rise to numerous and complex fact issues, rendering those suits inappropriate for summary disposition. Where no issue of material fact is present, however, courts should not hesitate to avoid an unnecessary trial by proceeding under Fed.R. Civ.P. 56 without regard to the particular type of suit involved.

It is undisputed that the district court had before it all of the relevant prior patented art. The subject matter, i.e., the scope and content, of those patents being easily discernible from their drawings and written descriptions, no testimony, expert or otherwise, regarding their scope and content was necessary. *Chore-Time, supra,* 713 F.2d at 778–79. Expert declarations, then, do not without more necessarily preclude summary judgment; the question is whether they raise issues that would require a trial to resolve. And as the Federal Circuit noted in *Union Carbide*, a trial is unnecessary where the subject matter of the expert declaration is "readily understandable," and a trial "would undoubtedly produce more argument but no more enlightenment." At 1573.

■ The Court therefore holds that there is no genuine dispute as to any material fact, and that defendant is entitled to judgment as a matter of law on plaintiff's patent infringement claim. The parties are directed to advise the Court in ten days in writing as to what if any further proceedings they contemplate in this action.

IT IS SO ORDERED.